IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HUDSON DAVIS, DEBORAH BURRES, and HANNAH DAVIS,<br>*Plaintiffs,*<br><br>v.<br><br>AMAZON.com Services LLC, AMAZON.com, Inc., and THOMAS JACKSON IV,<br>*Defendant.* | CIVIL ACTION NO.<br>6:20-cv-01178 |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THIS COURT:**

Plaintiffs, HUDSON DAVIS, DEBORAH BURRES, and HANNAH DAVIS, hereby complain of AMAZON.com Services LLC, AMAZON.com, Inc., ("hereinafter AMAZON") and THOMAS JACKSON IV, hereinafter Defendants, and would respectfully show the Court the following:

### I. PARTIES, JURISDICTION, SERVICE OF PROCESS AND VENUE

1.1   This is a case arising out of bodily injuries caused by Defendants, specifically a car collision caused by THOMAS JACKSON IV, while in the course and scope of his employment with Defendant AMAZON.

1.2   Plaintiffs, Hudson Davis, Deborah Burres, and Hannah Davis, are natural persons and citizens of the State of Texas who reside in Bell County, Texas which is within the jurisdiction of this Court;

1.3   Defendant Amazon.com Services LLC is a citizen of the State of Washington where it is has its principal place of business and headquarters. Amazon.com Services LLC's designated

agent for service of process in the State of Texas is Corporation Service Company dba CSC – Lawyers Incorporating Service Company.  A true copy of the Complaint and Summons can be served with process to its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1.4    Defendant Amazon.com, Inc. is a citizen of the State of Washington where it is has its principal place of business and headquarters. Amazon.com, Inc.'s designated agent for service of process in the State of Texas is Corporation Service Company dba CSC – Lawyers Incorporating Service Company.  A true copy of the Complaint and Summons can be served with process to its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1.5    Defendant Thomas Jackson IV is an individual and resident of Boyertown, Berks County, Pennsylvania, who may be served with process pursuant to FRCP 4(c)(2) and FRCP 4(e)(2) by delivering to the Defendant, in person a true copy of the summons and complaint at his residence: 41 Woodside Lane, Boyertown, PA 19512, or wherever he may be found.

1.6    This Federal District Court has jurisdiction of this cause because this action is brought pursuant to the terms of 28 U.S.C. § 1332 (a)(1) (complete diversity of citizenship between all adverse parties), because the amount in controversy in this civil action exceeds $75,000 (excluding interest and costs), and is between citizens of different states.  Plaintiffs are citizens of Texas only.  Defendants are not citizens of Texas.  Defendant Jackson is a citizen of Berks County, Pennsylvania, and Amazon Defendants are foreign entities with principal places of business in the State of Washington.

1.7    The Court has personal jurisdiction over Plaintiffs by virtue of Plaintiffs filing this Complaint with the clerk of the Court.

1.8     Venue is proper in the Western District of Texas, Waco Division pursuant to 28 U.S.C. § 1391 (b)(2) because the Waco Division is the division in which a substantial part of the events or omissions giving rise to the claim occurred; to wit: Plaintiff, Hudson Davis' car collision with Defendant Jackson IV happened within the Waco Division.

## II.   FACTS

2.1     Plaintiffs bring this suit to recover damages for personal injuries sustained as a result of a motor vehicle collision which occurred on or about February 24, 2019, in the 1700 block of E. 6th Street, in Belton, Bell County, Texas.  On or about that date, Plaintiffs were traveling westbound on E. 6th Street in the right lane. Plaintiff Hudson Davis was in one vehicle, while his wife and daughter, Plaintiffs Deborah Burres and Hannah Davis, were in a separate vehicle behind Hudson's vehicle.

2.2     Defendant Jackson was driving in a Sixt Rent a Car eastbound on E. 6th Street in Belton, Bell County, Texas and upon information and belief, Defendant Thomas Jackson IV was, at the time of the accident made the basis of this suit, operating his motor vehicle in the course and scope of his employment for one or more Amazon entities which have been sued collectively herein.

2.3     Defendant Jackson, suddenly and without warning, failed to yield the right-of-way and decided to make a left turn in front of Plaintiff Hudson Davis, which caused Plaintiff Hudson's vehicle to collide with Defendant Jackson's vehicle. As they were behind Plaintiff Hudson Davis' vehicle, Plaintiffs Deborah Burres and Hannah Davis witnessed the collision as it occurred.

2.4     As a result of the collision, which was proximately caused by the negligent acts and/or omissions of Defendant Jackson, Plaintiffs sustained damages as stated herein.

### III. RESPONDEAT SUPERIOR

3.1   Upon information and belief, Defendant Thomas Jackson IV was at the time of the collision made the basis of this suit operating the Sixt Rent a Car motor vehicle in the course and scope of his employment for one or more Amazon entities, which have been sued collectively herein.  At all times material hereto, all agents, servants, and/or employees of Amazon Defendants were acting within the course and scope of employment and/or official duties. Furthermore, at all times material hereto, all agents, servants, and/or employees of Amazon Defendants were acting in furtherance of the duties of their office and/or employment. Therefore, Amazon Defendants are responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of *Respondeat Superior*.

### IV.   CAUSES OF ACTION

### NEGLIGENCE AGAINST DEFENDANT JACKSON

4.1.   At the time of the incident, Defendant Jackson had the duty to exercise ordinary care in the operation of the rental motor vehicle he was driving. Defendant breached that duty in one or more of the following ways:

   a. Failing to keep a proper lookout;

   b. Failing to yield the right-of-way;

   c. Failing to take proper evasive action in order to avoid the collision;

   d. Failing to timely apply his brakes;

   e. Driving inattentively; and

   f. Failing to control his speed.

4.2. Each and all of the above acts and/or omission constituted negligence and were the proximate cause of the incident that forms the basis of this lawsuit and damages suffered by Plaintiffs.

### NEGLIGENCE PER SE OF DEFENDANT JACKSON

5.1. Plaintiffs incorporate by reference the preceding paragraphs as though the same were fully set forth herein.

5.2. Pursuant to Sec. 545.152 of the Transportation Code, to turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that in the intersection or in such proximity to the intersection as to be an immediate hazard.

5.3. At the time of the incident, Defendant had a statutory duty to exercise ordinary care in the operation of his vehicle, which he breached by failing to yield the right-of-way while turning left, which caused the collision with Plaintiff.

5.4 Each and all of the above acts and/or omissions constituted negligence per se and were the proximate cause of the incident that forms the basis of this lawsuit and damages suffered by Plaintiffs.

### V.     DAMAGES

6.1 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff HUDSON DAVIS was caused to suffer bodily injuries and to incur the following damages:

   a. Reasonable and necessary medical care and expenses incurred in the past and which will in all reasonable probability be incurred in the future;

   b. Physical pain and suffering in the past and future;

   c. Physical impairment in the past and future;

     d.  Mental anguish in the past and future;

     e.  Disfigurement in the past and future;

     f.  Past and future physical impairment;

     g.  Lost wages and future loss of earning capacity;

     h.  Pre-judgment and post-judgment interest; and

     i.  Taxable court costs.

6.2    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs DEBORAH BURRES and HANNAH DAVIS, are entitled to bystander damages as both contemporaneously perceived the significant and traumatic personal injury of HUDSON DAVIS. DEBORAH BURRES and HANNAH DAVIS, seek mental anguish damages for their contemporaneous perceptions of the injuries to Plaintiff HUDSON DAVIS with whom they share a close familial relationship.

6.3    Further DEBORAH BURRES has also incurred the following damages:

     a.  Mental anguish in the past and future;

     b.  Loss of consortium in the past and future; and

     c.  Loss of household services in the past and future.

## VI.    PRAYER

7.1    **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the

legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled in law or in equity.

                    Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
2010 SW HK Dodgen Loop, Ste. 201
Temple, Texas 76504
Telephone: (254) 771-5688
Fax: (254) 771-0655

By:/s/ *Craig W. Carlson*
**Craig W. Carlson**
Attorney-in-Charge
Texas State Bar No. 00792039
ccarlson@carlsonattorneys.com
Brantley White
Texas State Bar No. 00789722
bwhite@whiteandcarlson.com
**JULIE L. PESCHEL**
Texas State Bar No. 24052308
jpeschel@carlsonattorneys.com
ATTORNEYS FOR PLAINTIFFS